CV 14                    4255

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MARCUS HO, on behalf of himself
and all others similarly situated,

        Plaintiff,

    v.

CANON U.S.A., INC.,

        Defendant.

Case No.: _____

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Marcus Ho ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Canon U.S.A., Inc. ("Defendant" or "Canon"), and alleges as follows:

1.    This is a putative class action related to defective printers manufactured, marketed and sold by Canon.  The defective printers include, at a minimum, the following models: Pixma MG5320, MP530, MP600, MP620, MP960, MX700, MX850, MX860, and MX892 (the "Defective Printers"). The Defective Printers suffer from a uniform design defect that causes them to fail prematurely, and well before the end of their useful lives. As discussed below, the defect is manifested by an error message – which is displayed as "U052" Wrong Print Head – which

1

causes the printers to abruptly stop working, and disables all of the functions on the printer (the "Defect").

## PARTIES

2.    Marcus Ho is a resident of New York, New York.  He purchased one of the Defective Printers (model MG5320) in January 2012 from Buy.com. Shortly after Ho's printer was outside of its one year warranty period, it displayed the "U052" error message and became completely inoperable. Ho contacted Canon about the problem in or around June of 2014. Canon refused to repair or replace the printer for free because it was outside of the warranty period.

3.    Defendant Canon is, upon information and belief, a New York entity based at One Canon Park, Melville, NY 11747.  Upon information and belief, Canon is a wholly-owned subsidiary of Canon, Inc., a Japanese corporation.  Canon designs, manufactures, and/or distributes consumer electronics products, and sells Canon brand consumer products direct to the public through its international retail website Canon.com, including the Defective Printers, containing the Defect forming the subject matter of this action, which it caused to be placed into the stream of commerce in this District and throughout the United States.

## <u>VENUE AND JURISDICTION</u>

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and because at least one purported class member is a citizen of a state different from Defendant. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District because Canon is headquartered in this District and conducts substantial business in this District, including the promotion, sale and marketing of its products, sufficient to render it within the jurisdiction of this Court. In addition, the events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District.

6.      This Court has personal jurisdiction over Canon because it is headquartered in Melville, New York and conducts a substantial amount of business in New York.

## SUBSTANTIVE ALLEGATIONS

7.    Canon is in the business of manufacturing, marketing and distributing for sale a variety of electronics products, including numerous different models of printers, to consumers throughout the United States.

8.    After purchase, several of these models began displaying the error message U052, which Canon product support has defined as an indication that the printer does not recognize the printhead or that the printhead itself is faulty. If the issue cannot be successfully resolved by trouble-shooting, which it could not be in the case of Plaintiff Ho, the printer must be returned to Canon for service. Such repair is generally more expensive than purchasing a new printer.

9.    Canon had actual knowledge of the Defect in the Defective Printers, but has failed to recall the Defective Printers in order to cure the design defect described herein. Canon's knowledge comes from presale testing and from repairs it performed during the warranty period, when it chose not to do a recall or extend the warranty for what it knew to be a defective product.

10.   The Defect described herein was a material fact related to the reliability and normal operation of the Defective Printers known only to

Canon. Had Plaintiff and members of the Class known about the defect, they would not have purchased the Defective Printers.

11.   The Defective Printers include a 12-month warranty. Despite the fact that Canon knew of the Defect from prior consumer complaints well within warranty limitations periods, Canon has refused to pay for labor or diagnostic expenses for consumers with printers manifesting the Defect more than a year after purchase. Furthermore, Canon has refused to pay any part of the cost of repairing printers that manifest the Defect one year after purchase. Such cost typically exceeds the cost of a new printer.

12.   Consumers of Canon's printers could reasonably expect their printers to function properly well beyond the 12-month parts and labor warranty provided by Canon's boilerplate warranties. Canon knew or should have known that the defective design of the Defective Printers would render the time limitations in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs.

13.   Plaintiff and the members of the Class had no knowledge of the cause of the Defect and did not suspect, nor did they have reason to suspect, that the Defect was caused by Canon's wrongdoing. Plaintiff and the members of the Class could not have known or reasonably discovered,

nor did they have reason to know of, the Defect created by Canon. Further, they could not have known or reasonably discovered that the Defective Printers they purchased were defective or that the cause of the harm suffered by Plaintiff and the members of the Class was directly attributable to the wrongdoing by Canon alleged herein. Plaintiff and the members of the Class were not told by Canon of the printhead recognition problem prior to their purchases.

14.   Plaintiff and the Class members' lack of knowledge regarding the cause of their damages was due in large part to Canon's concealment of material facts regarding the Defect. The fraudulent acts of concealment by Canon included the intentional concealment and refusal to disclose facts known to Canon about the Defect in the Defective Printers, which Plaintiff and the members of the Class had no reason to learn of or otherwise discover. In fact, Plaintiff and the members of the Class were not aware that Canon's overall malfeasance in designing, manufacturing, distributing, marketing, and selling of the Defective Printers was a cause of their damage.

15.   Canon, as the designer, manufacturer, marketer, distributor and seller of the Defective Printers, warranted, either expressly or by implication, that the Defective Printers being sold to the general public

6

were not inherently defective, and were reasonably suited for their intended purpose. Canon breached its agreement and warranty by doing so and Canon made and/or allowed these misrepresentations to be made with the intent of making Plaintiff and the members of the Class enter into agreements to purchase the Defective Printers. If Plaintiff and the members of the Class had been advised by Canon, they would not have purchased the Defective Printers or paid as much as they did for them.

16.     Canon has refused to recall the Defective Printers and has also refused to repair the Defect if the Defective Printer is outside of the warranty period. Given that the cost of repair exceeds the initial purchase price of the Defective Printers, Class Members are damaged in the amount of the price paid for the Defective Printers.

17.     The Defective Printers were sold to distributors and consumers with the knowledge and intent that the Defective Printers be used for the benefit of consumers. Canon and its distributors sold the Defective Printers to Plaintiff and the members of the Class in the course of their business. In addition, Canon also sells printers direct to consumers in the United States through its website Canon.com and many of the Defective Printers at issue herein were sold directly to members of the Class by Canon.

18.   The Defective Printers were not altered by Plaintiff, the members of the Class, Canon's distributors or other personnel. The Defective Printers were defective when they left the exclusive control of Canon and Canon knew the Defective Printers would be used without additional tests for defects. The Defective Printers were defective and unfit for their intended purpose and Plaintiff and the members of the Class did not receive the goods as warranted.

19.   By engaging in the above described conduct, Canon committed acts and omissions with actual malice and accompanied by a wanton and willful disregard of persons, including Plaintiff and members of the Class, who foreseeably might by harmed by those acts and omissions.

20.   As a direct result of Canon's actions set forth herein, Plaintiff and the consumers who have purchased the Defective Printers and comprise the Class have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid for a product that does not, cannot, and will not, work as represented.

21.   Plaintiff's experience is by no means an isolated or outlying occurrence.   Indeed, the internet is replete with examples of blogs and

other websites where consumers have complained of the exact same Printer

Defect – including on forums contained on Canon's own website.[1]

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and all other

members of a class consisting of all purchasers of the Defective Printers

(the "Class"). Excluded from the Class is Defendant herein, and any person,

firm, trust, corporation, or other entity related to or affiliated with

Defendant, including, without limitation, persons who are directors of

Canon.

23.    The Class is composed of no fewer than tens of thousands of

persons, and is sufficiently numerous for class treatment. The joinder of all

Class members individually in one action would be impracticable, and the

disposition of their claims in a class action will provide substantial benefits

to the parties and the Court.

24.    Plaintiff's claims are typical of the claims of the Class and

Plaintiff has no interests adverse to the interests of other members of the

Class.

25.    This dispute raises questions of law and fact that are common

to all Class members. Those common questions predominate over

---

[1] *See, e.g.,* <http://forums.usa.canon.com/t5/Personal-Printers/Call-to-Arms-for-the-dreaded-U052-Wrong-Printhead-Error/td-p/65759> (last visited July 10, 2014).

questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

(a) Whether Canon's representations, omissions, and conduct regarding the Defective Printers were misleading or false;

(b) Whether Canon's representations and conduct were likely to deceive consumers into believing that the Defective Printers operated properly;

(c) Whether Canon undertook a course of conduct to hide the existence of the Defect from the members of the Class;

(d) Whether the Defect constitutes a manufacturing or design defect;

(e) Whether the members of the Class have been injured by Canon's conduct;

(f) Whether Canon's warranty limitations are unconscionable;

(f) Whether the members of the Class have sustained damages and are entitled to restitution as a result of Canon's wrongdoing and, if so, what is the proper

measure and appropriate formula to be applied in determining such damages and restitution; and

(g)   Whether the members of the Class are entitled to injunctive relief.

26.   Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class action litigation.

27.   A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

28.   A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. If a Class or general public action is not permitted, Class members will continue to suffer losses and Canon's misconduct will continue without proper remedy.

29.   Canon has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## Violation of the New York Consumer Protection Act

30.   Each of the above allegations is incorporated herein by reference.

31.   As described herein, Canon was and is engaged in business, trade and commerce in New York.

32.   As described herein, Canon's acts or practices are deceptive and/or misleading in violation of § 349 of the New York General Business Law, otherwise known as the New York Consumer Protection Act.

33.   Canon's sale and/or distribution in the State of New York of the Defective Printers which Canon knew or should have known had the Defect constitutes deceptive and/or misleading acts or practices within the meaning of the New York Consumer Protection Act.

34.   Canon's breaches of its respective expressed and implied warranties constitute deceptive and/or misleading acts or practices within the meaning of the New York Consumer Protection Act.

35.     Plaintiff and the other Class members have been injured by Canon's deceptive and/or misleading practices as detailed above.

36.     Plaintiff and the other Class members are entitled to damages under the New York Consumer Protection Act.

## COUNT II
## Breach of Express Warranty

37.     Each of the above allegations is incorporated herein by reference.

38.     Canon, as the designer, manufacturer, distributor and seller of the Defective Printers, expressly warranted that the Defective Printers were not inherently defective.

39.     Canon's affirmations of fact and/or promises relating to the Defective Printers created express warranties that the Defective Printers purchased by Plaintiff and the Class would operate properly and without defects. Canon breached the express warranty in that the Defective Printers did not conform to the promises or affirmations of fact made by Canon to the Plaintiff and members of the Class.

40.     Alternatively, Canon's descriptions of the Defective Printers became part of the bargains between consumers and Canon, creating express warranties that the Defective Printers purchased by Plaintiff and the Class would conform to Canon's representations.

41.     If Plaintiff and the members of the Class had known the true facts, they would not have purchased the Defective Printers, and would have purchased a different brand of printer.

42.     Despite the fact that the Defect was present in the Defective Printers at the time of purchase, and well within the warranty limitations period, Canon has refused to pay for labor or diagnostic expenses for consumers with printers manifesting the Defect for more than one year after purchase, and Canon has refused to pay any part of the cost of repairing printers which manifest the Defect more than one year after purchase.

43.     Under the circumstances, Canon's limits on its warranties are unconscionable and unenforceable as Canon knew or should have known that the nature of the Defect would render the time limitation in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs (frequently in excess of the value of the printer). Canon failed to include in its warranty any disclosure regarding the existence of the known Defect, or the gross inadequacy of the limitations period contained in its written warranty.

43.     Defendant's attempt to disclaim or limit these express warranties vis-à-vis consumers is unconscionable and unenforceable.

Specifically, Defendant's warranty limitation is unenforceable because they knowingly sold a defective product without informing consumers about the defect.

44.    The time limits contained in Defendant's warranty period were also unconscionable and inadequate to protect Plaintiffs and members of the Class.   Among other things, Plaintiffs and Class members had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Defendant.   A gross disparity in bargaining power existed between Canon and Class members, and Canon knew or should have known that the Defective Printers were defective at the time of sale and would fail well before their useful lives.

45.    Plaintiffs and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

46.    As a result of the foregoing, Plaintiff and the Class have suffered damages.

### COUNT III
### Breach of Implied Warranty

47.    Each of the above allegations is incorporated herein by reference.

48.     Canon's affirmations of fact and/or promises relating to the Defective Printers created implied warranties that the Defective Printers would operate properly and without defects.

49.     Alternatively, Canon's descriptions of the Defective Printers became part of the bases of the bargains between Plaintiff and the Class and Canon, creating implied warranties that the Defective Printers purchased by Plaintiff and the Class would conform to Canon's representations.

50.     In fact, the Defective Printers purchased by Plaintiff and the Class did not so conform.

51.     Canon also breached the implied warranty of merchantability because the Defective Printers were unfit for their intended and ordinary use as a result of the Defect. Canon cannot disclaim this implied warranty as the Company knowingly sold a defective product.

52.     Canon also breached the implied warranty of fitness for a particular purpose, as Plaintiff and the Class unknowingly purchased the Defective Printers for personal use.

50.     The Defective Printers were defective when they left the exclusive control of Canon. Plaintiff and members of the Class did not receive the goods as warranted.

16

51.    Defendant's attempt to disclaim or limit the implied warranty of merchantability vis-à-vis consumers is unconscionable and unenforceable here.   Specifically, Defendants' warranty limitation is unenforceable because they knowingly sold a defective product without informing consumers about the defect.

52.    The time limits contained in Defendant's warranty period were also unconscionable and inadequate to protect Plaintiffs and member of the Class.   Among other things, Plaintiffs and members of the Class had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Defendant.   A gross disparity in bargaining power existed between Canon and Class members, and Canon knew or should have known that the Defective Printers were defective at the time of sale and would fail well before their useful lives.

53.    Plaintiffs and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

54.    As a result of the foregoing, Plaintiff and the Class have suffered damages.

## COUNT IV
## Unjust Enrichment

55.     Each of the above allegations is incorporated herein by reference. This count is pled in the alternative to the contract based claims.

56.     Canon has received benefits at the expense of Plaintiff and the Class members, and it is inequitable for Canon to retain these benefits.

57.     Through its unfair and deceptive conduct, Canon has unlawfully obtained money from Plaintiff and the Class members for the Defective Printers.

58.     As a direct and proximate result of Canon's unlawful acts and practices, Plaintiff and the Class have paid money to Canon for the Defective Printers, and are therefore entitled to restitution and restoration of the money they paid to Canon, along with interest thereon from the date of payment.

## PRAYER FOR RELIEF

WHEREFORE , Plaintiff respectfully requests that this Court enter judgment as follows:

A.     Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class Representative;

B.     Awarding restitution and disgorgement as a result of Canon's unfair business practices;

18

C.      Awarding Plaintiff and the Class compensatory and punitive damages as a result of Canon's violations and enjoining Canon from continuing the illegal practices set out above;

D.      Requiring Canon to inform the public of the Defect possessed by its Defective Printers;

E.      Awarding pre- and post-judgment interest;

F.      Awarding attorney fees, expenses, and costs; and

G.      Providing such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Trial by jury is demanded.

Dated: July 10, 2014

                           Respectfully submitted,

By: _Robert I. Harwood_

                           Robert I. Harwood
                           Peter W. Overs, Jr.
                           HARWOOD FEFFER LLP
                           488 Madison Ave., 8th Floor
                           New York, New York 10022
                           Tel.: (212) 935-7400
                           Fax:  (212) 753-3630
                           Email:
                           povers@hfesq.com
                           rharwood@hfesq.com

                           Benjamin F. Johns
                           Joseph B. Kenney
                           CHIMICLES & TIKELLIS LLP
                           One Haverford Centre
                           361 West Lancaster Avenue
                           Haverford, PA 19041
                           Telephone: (610) 642-8500
                           Facsimile: (610) 649-3633
                           Email:
                           BFJ@chimicles.com
                           JBK@chimicles.com

                           ***Attorneys for Plaintiff***